IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARVIE THOMAS #N00391,     )
                          )
          Plaintiff,      )
                          )
     v.                   )    No. 08 C 3015
                          )
JOHN DOE, et al.,         )
                          )
          Defendants.     )

## MEMORANDUM ORDER

Arvie Thomas ("Thomas") has just filed a pro se Complaint against defendants described only as "John Doe" and "Jane Doe," asserting more than one claimed violation of his constitutional rights actionable under 42 U.S.C. §1983.[1] For that purpose Thomas has used the form of Section 1983 Complaint supplied for prisoners' use by this District Court's Clerk's Office (filling in the requested information with handprinted inserts),[2] and he has accompanied the Complaint with a trust fund certificate from Robinson Correctional Center (where he is now in custody), to which the Robinson fiscal authorities have attached a printout of the transactions in his trust fund account there for the period from March 7 through May 9, 2008.

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] Although Thomas is by no means the most prolific prisoner plaintiff whose lawsuits are consistently assigned to this Court's calendar pursuant to local assignment rules, this is the fifth of his cases that this Court has had occasion to address-- the earlier lawsuits were Case Nos. 05 C 3245, 06 C 2056, 06 C 2057 and 06 C 2058.

This Court need not address the substantive viability of Thomas' constitutional claims (save one, to be mentioned a bit later), because he faces a threshold roadblock that bars his access to this federal court. Under Section 1997e(a) a prisoner's exhaustion of administrative remedies is expressly made a precondition to the filing of any lawsuit, and in that respect Thomas has said nothing more than that he made personnel at Stateville Correctional Center (where the complained-of incidents occurred) aware of three of the four matters he mentions.

There is one exception to that "nothing more": As part of what Thomas lists as his Count Three, he asserts that he "was denied the right to grievance to/through the chain of command." But here is Thomas' only claim in that "Count":

> Count 3--regarding the denial of equal protection on Jan. 31, 2008, when the officer, while handing out breakfast, refused to provide me a proper food tray as he did the rest of the gallery. Upon checking his tray plaintiff noticed it to be missing the main course. Upon notice to the officer no cure was made.

That contention would really trivialize the Constitution--as a purported claim of constitutional deprivation, it is plainly frivolous.

Accordingly both the Complaint and this action are dismissed for Thomas' failure to comply with the precondition set out by Congress in Section 1997e(a). Our Court of Appeals' opinion in <u>Kalinowski v. Bond</u>, 358 F.3d 978, 978 (7th Cir. 2004) has

2

(1) reconfirmed the authority of a district court to dismiss on that ground and (2) upheld such a dismissal as a "strike" under 28 U.S.C. §1915(g)--after all, the Section 1997e(a) bar means that Thomas has "fail[ed] to state a claim upon which relief may be granted."[3]

That being so, Thomas has now sustained his third "strike," because the earlier dismissals of both Case Nos. 06 C 2057 and 06 C 2058 came under that rubric. Under 28 U.S.C. §1915(g) Thomas is thus deprived of the ability to seek in forma pauperis status in connection with any future lawsuit "unless [he] is under imminent danger of serious physical injury" (Kalinowski, 358 F.3d at 979).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 28, 2008

---

[3] Several Courts of Appeals elsewhere have come to a different conclusion on the question of assigning a "strike" under such circumstances.